IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2002 Session

## ROBERT DALLIS PAYNE  v. STATE OF TENNESSEE

### Circuit Court for Hickman County
### No. 01-5075C-I

---

### No. M2002-01389-CCA-R3-PC - Filed March 21, 2003

---

### ORDER

The Appellant, Robert Dallis Payne, appeals the order of the Hickman County Circuit Court summarily dismissing his motion to reopen his petition for post-conviction relief. Upon review of the record before this Court, we conclude that the Appellant has failed to perfect his application for permission to appeal in accordance with the applicable statutory provisions and, therefore, the appeal should be dismissed.

The Appellant was convicted of first-degree murder and received a life sentence. This court affirmed the conviction on July 24, 1991. *See* State v. Robert Dallis Payne, No. 01C01-9003-CR-00088 (Tenn. Crim. App. at Nashville, Jul. 24, 1991), *perm. to appeal denied*, (Tenn. Jan. 6, 1992). The Appellant filed two petitions for post-conviction relief in 1992. Both petitions were subsequently denied by the trial court and no appeal to this court was perfected. In January 1997, the trial court denied the Appellant's Motion to reopen his post-conviction petition. On November 26, 2001, the Appellant filed a *pro se* petition for post-conviction relief. Counsel filed an amended petition on December 26, 2001, alleging that the prior petition for post-conviction relief should be reopened on the basis of new scientific evidence which established the Appellant's innocence. *See* Tenn. Code Ann. § 40-30-217(a)(2). By order dated May 28, 2001, the trial court summarily dismissed the petition to reopen. On June 5, 2002, the Appellant filed a "notice of appeal" document in the Hickman County Circuit Court.

In seeking review of the trial court's denial, a petitioner shall file, *within ten days of the lower court's ruling*, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-217(c)(1997) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-217(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Appellant has failed to comply with the statutory requirements for seeking appellate review. Specifically, Appellant filed his application in the wrong court and failed to attach documents filed by the parties in the trial court including the order denying the motion.

Section 40-30-217(c), Tennessee Code Annotated, and not Rule 3 or Rule 4, Tennessee Rules of Appellate Procedure, governs review of a trial court's decision to deny a motion to reopen a post-conviction petition. *Cf.* George L. McGhee v. State, No. 02C01-9607-CR-00213 (Tenn. Crim. App. at Jackson, Sept. 30, 1996), perm. to appeal denied, (Tenn. Mar. 3, 1997) (procedure seeking permission to appeal motion to reopen parallels Rule 10, Tenn. R. App. P.). Rules 3 and 4, Tennessee Rules of Appellate Procedure, governs appeals as of right. An appeal as of right is not available for review of a lower court's denial of a motion to reopen a petition for post-conviction relief. *See* Tenn. R. App. P. 3(b); *see also* John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App. at Jackson, Mar. 23, 2000), perm. to appeal denied, (Tenn. Oct. 16, 2000).

In order to obtain appellate review of the trial court's order, a petitioner must comply with the statutory requirements contained in Section 40-30-217(c). *See* John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC; William Lee Drumbarger v. State, No. M1999-01444-CCA-R3-PC (Tenn. Crim. App. at Nashville, Dec. 7, 1999); Lucy Killebrew v. State, No. 03C01-9809-CR-00320 (Tenn. Crim. App. at Knoxville, Oct. 5, 1999), perm. to appeal denied, (Tenn. Apr. 24, 2000). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC. Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this court to suspend the statutory requirements. *Id.* Accordingly, this court is without jurisdiction to entertain this matter.

IT IS HEREBY ORDERED that this matter is DISMISSED. Since it appears that Petitioner is indigent, costs are taxed to the State.

_____
**DAVID G. HAYES, JUDGE**

**CONCUR:**

_____
**JOHN EVERETT WILLIAMS, JUDGE**

_____
**NORMA MCGEE OGLE, JUDGE**